UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIO CESAR ARNEDO,

        Petitioner,

   -against-

LAWRENCE CATLETTI, et al.,

        Respondents.

26-CV-244 (LJL)

ORDER TO ANSWER, 28 U.S.C. § 2241

LEWIS J. LIMAN, United States District Judge:

Through next friend, Karen Polo, Petitioner has filed a Petition for the writ of *habeas corpus* under 28 U.S.C. § 2241.  The Court, having examined the Petition, hereby ORDERS that:

(1) Within **two business days of the date of this Order**, Respondents shall file a letter with the following information:

 a. whether Petitioner was, as the Petition alleges, *see* Dkt. No. 1 ¶¶ 12, 24, located in the Southern District of New York at the time that the Petition was filed and, if not, what District Petitioner was in at the time of filing and whether the Petition should be immediately transferred to that District, *see, e.g.*, *Öztürk v. Hyde*, 136 F.4th 382, 391-92 (2d Cir. 2025); *Khalil v. Joyce*, 771 F. Supp. 3d 268 (S.D.N.Y. 2025);

 b. Petitioner's A-number, current place of detention, and a contact person who can facilitate prospective counsel's access to Petitioner;

 c. the statutory provision(s) under which Respondents assert the authority to detain Petitioner;

 d. If the asserted basis for Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A), whether there is any basis to distinguish this case from *Tumba v. Francis*, 2025 WL 3079014 (S.D.N.Y. Nov. 4, 2025).  If not, whether Respondents would consent to issuance of the writ—subject to preservation of Respondents' arguments for appeal.  If there is a basis to distinguish, whether Respondents waive the right to submit an answer and consent to issuance of the writ subject to preservation of Respondents' arguments for appeal.

 e. a copy of any final order of removal; and

 f. any information regarding the procedural posture of any pending Department of Homeland Security or Executive Office for Immigration Review proceedings.

The parties shall then appear for a case management conference with the Court on **January 15, 2026, at 12:00 PM**. The conference will proceed remotely. Parties are directed to dial into the Court's teleconference number at 646-453-4442, use conference ID# 358639322, and follow the necessary prompts. The Government will arrange for the participation of Petitioner and, if necessary, for an interpreter. The next friend will also be permitted to participate.

To preserve the Court's jurisdiction pending a ruling on the Petition, Petitioner shall not be removed from the United States absent further order of this Court. *See, e.g.*, *Khalil v. Joyce*, No. 25-CV-1935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (citing cases); *see also, e.g.*, *Du v. United States Dep't of Homeland Sec.*, No. 25-CV-0644 (OAW), 2025 WL 1317944, at *1 (D. Conn. Apr. 24, 2025) ("[A] a federal court may temporarily enjoin immigration authorities from deporting individuals if it preserves the court's jurisdiction over a case or cases."). Moreover, in light of Petitioner's interests in participating in further proceedings before this Court and to facilitate resolution of the Petition, Respondents shall not transfer Petitioner except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further order of this Court. *See, e.g.*, *Perez y Perez v. Noem*, No. 25-CV-4828 (DEH), 2025 WL 1908284, at *2-3 (S.D.N.Y. June 13, 2025) (enjoining a *habeas* petitioner's transfer pending adjudication of his petition); *see also, e.g.*, *Arostegui-Maldonado v. Baltazar*, No. 25-CV-2205 (WJM) (STV), 2025 WL 2280357, at *14-16 (D. Colo. Aug. 8, 2025) (same); *Oliveros v. Kaiser*, No. 25-CV-7117 (BLF), 2025 WL 2677125, at *8-9, *11 (N.D. Cal. Sept. 18, 2025) (same).

All communications with the Court by a *pro se* party should be filed with the *Pro Se* Intake Unit by either (1) emailing the communication as an attachment in PDF format to ProSe@nysd.uscourts.gov (for instructions, see https://nysd.uscourts.gov/forms/instructions-filing-documents-email); (2) mailing the communication to the *Pro Se* Intake Unit, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007; or (3) hand-delivering the communication to the Pro Se Intake Unit. No documents or court filings should be sent directly to Chambers.  Copies of correspondence between a *pro se* party and counsel shall not be sent to the Court.

The Court finds that the appointment of *pro bono* counsel is appropriate in this case.  In making this finding, the Court has considered the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), which include: "(1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the party's ability to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex." *Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011).

The Court finds that the *Hodge* factors weigh in favor of seeking *pro bono* counsel for Petitioner.  In particular, the location of Petitioner's detention, both currently and at the time the petition was filed, presents complex jurisdictional and other legal questions.  Moreover, Petitioner's abilities to present his case and conduct any related fact investigation are significantly limited due to his detention and the emergency nature of his petition.  Thus, in this

3

case, representation would "lead to a quicker and more just result by sharpening the issues[.]" *Hodge*, 802 F.2d at 61.

Accordingly, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case.  It should be noted that the Court does not have the authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant *pro bono*.  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989). There is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another.  In either instance, Petitioner should be prepared to proceed with the case *pro se*.  If an attorney volunteers, the attorney will contact Petitioner, or her next friend, directly.

If Petitioner has already successfully secured counsel on his own, or otherwise does not wish the Court to seek volunteers for *pro bono* counsel, he should inform the Court as soon as possible.

The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

If this case has been settled or otherwise terminated, the parties are not required to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event.  *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* http://nysd.uscourts.gov/ecf_filing.php.

## CONCLUSION

The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York of this Order.

4

Within **two business days of the date of this Order**, Respondents shall file a letter with the Court with the information described in this Order.

The Court directs the Clerk of Court to mail a copy of this Order to Petitioner at the following addresses:

- 3409 83rd Street, Apt. B42, Jackson Heights, NY 11368

- 4131 Junction Boulevard, Corona, NY 11368

- ATTN: Julio Cesar Arnedo, A-Number: 220875525, Orange County Correctional Facility, 110 Wells Farm Road, Goshen, NY 10924

The Court also directs the Clerk of Court to mail Petitioner an information package.

SO ORDERED.

Dated:    January 12, 2026
          New York, New York

LEWIS J. LIMAN
United States District Judge